UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT R. PARKER, JR.,**

        Plaintiff,                        Case No. 07-11036

vs.                                         HONORABLE GEORGE CARAM STEEH
                                                 HONORABLE STEVEN D. PEPE

**MICHAEL COX,** IN HIS INDIVIDUAL AND
REPRESENTATIVE CAPACITY AS ATTORNEY
GENERAL FOR THE STATE OF MICHIGAN;
**JESSICA WEILER** IN HER INDIVIDUAL AND
REPRESENTATIVE CAPACITY; **GENESEE COUNTY
FRIEND OF THE COURT**; **JENNIE BARKEY,** IN HER
INDIVIDUAL AND REPRESENTATIVE CAPACITY,

        Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (DKT. #4, #5, AND #7)

      On March 23, 2007, Defendants Jennie Barkey and Genesee County Friend of the Court filed their motion for a protective order in which they seek that discovery be stayed pending resolution of a dispositive motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(c), filed by Defendants Michael Cox and Jessica Weiler (Dkt. #4). Counsel for Defendants Jennie Barkey and Genesee County Friend of the Court noted he would be filing a similar dispostive motion on his clients' behalf in the coming weeks. Defendants Michael Cox and Jessica Weiler filed their notice of joinder/concurrence in Jennie Barkey's and Genesee County Friend of the Court's motion for protective order (Dkt. #7). All motions pertaining to this matter were referred for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A)

(Dkt. #10).[1]  A telephonic hearing was held on May 24, 2007, in which all unresolved issues were heard.  For reasons stated on the record and indicated below, **IT IS ORDERED** that Defendants' motions for a protective order is **GRANTED** as to all Defendants.

Counsel for Defendants' argue that they assert or will assert the defense of qualified and/or absolute immunity in their dispositive motions and that further discovery should be suspended until the Court has an opportunity to decide Defendants' motion.[2]  The philosophy behind the doctrine of qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. United States Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir.1995) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816).  Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.*  Moreover, "[t]o avoid imposing needless discovery costs upon government officials, the determination of qualified immunity must be made at an early stage in the litigation." *Id.*

In *Mitchell v. Forsyth*, the Supreme Court found that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511,

---

[1] On March 27, 2007, Defendants Jennie Barkey and Genesee County Friend of the Court filed a corrected version of their motion, which is titled on the docket as their "motion to amend/correct" (Dkt. #5).  This updated motion is hereby **GRANTED IN PART AND DENIED IN PART**.

[2] The entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability.  *Siegert v. Gilley,* 500 U.S. 226, 233 (1991).  Entitlement to absolute immunity would provide similar protection.

526 (1985). *See also, Turner v. Scott*, 119 F.3d 425, 428 (6th Cir.1997) ( "The question whether the uncontested facts demonstrated a constitutional violation is a pure question of law-and one from which an immediate appeal can be taken where qualified immunity has been denied."); *Sanderfer v. Nichols*, 62 F.3d 151, 153 n. 2 (6th Cir.1995) ("the plaintiff's version of events, regardless of the sufficiency of the supporting evidence, does not state a claim"). Finally, it is clear that before addressing the substance of a claim of qualified immunity, the court must first determine whether the plaintiff has stated a claim of a constitutional violation at all. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999) (holding that the court evaluating a claim of qualified immunity must first determine whether the plaintiff states a claim of a constitutional violation at all, and then must determine whether the claimed right was clearly established, before proceeding to the qualified immunity question).

Defendants motions under Rules 12(b)(1) and 12(b)(6) may be resolved solely on the pleadings. Yet, the Court can consider matters outside the pleadings and convert a motion under either 12(b)(6) or 12(c) as a motion under Rule 56. Rule 56 requires that once a motion for summary judgment is made and is supported as required in Rule 56(c), the adverse party cannot rest solely on the allegations made in her pleadings. Rather, he must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial. Fed. R.Civ. P. 56(e); *Arnett v. Myers*, 281 F.3d 552, 559 (6th Cir.2002). Limited discovery might be appropriate to set forth facts showing that there is a genuine issue for trial.

Therefore, it is **ORDERED** that Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Discovery is stayed in part pending the resolution of Defendants' dispositive motions. Plaintiff is not allowed to seek broad discovery under the rules, but is allowed to seek leave of

3

the Court for limited and focused discovery that may be necessary to address the pending and anticipated motions. On or before June 8, 2007, Plaintiff shall submit to the Court a request for limited and expedited discovery and shall demonstrate that it is (1) relevant to defending against Defendants' dispositive motions, and (2) support such request by persuasive legal authority and arguments that demonstrate in a prudent, efficient, clear and distinct manner that Defendant(s) were acting in such a way that would be outside of the scope of the immunity granted to them. If the Court determines that any of Plaintiff's submissions are relevant and necessary to a response to Defendants' dispositive motions, then a response will be ordered and the period for Defendants to respond to Plaintiff's arguments may be shorted in order to accommodate the appropriate time tables for Defendants' dispositive motions. Defendants can, but are not required, to file a response to Plaintiff's June 8th submission. Moreover, the Court may require by further order that Defendant Cox submit a declaration under 28 U.S.C. § 1746 as to whether he had any individual involvement in the underlying criminal case in state court.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Dated: May 25, 2007　　　　　　　　　　　　　　　　s/Steven D. Pepe
Flint, Michigan　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 25, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Mark E. Donnelly, H. William Reising, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Robert R. Parker, Jr., 195 Morton Walk Dr., Alpharetta, GA 30022

                 s/ James P. Peltier
                 James P. Peltier
                 Courtroom Deputy Clerk
                 U.S. District Court
                  600 Church St.
                 Flint, MI 48502
                 810-341-7850
                  pete_peliter@mied.uscourts.gov