UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT R. PARKER, JR.,

    Plaintiff,

vs.

Case No. 07-CV-11036
HON. GEORGE CARAM STEEH

MICHAEL COX, in his individual and
representative capacity as ATTORNEY
GENERAL for the STATE OF MICHIGAN,
JESSICA WEILER, in her individual and
representative capacity, GENESEE COUNTY
FRIEND OF THE COURT, JENNIE BARKEY,
in her individual and representative capacity,

    Defendants.

_____/

ORDER GRANTING DEFENDANT COX'S AND WEILER'S MOTION TO
DISMISS (#22) AS TO PLAINTIFF'S FEDERAL CLAIMS,
GRANTING DEFENDANT GCFOC'S AND BARKEY'S MOTION TO
DISMISS (#26) AS TO PLAINTIFF'S FEDERAL CLAIMS, AND
DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE
PURSUANT TO 28 U.S.C. § 1367(c)(3)

Defendants Michigan Attorney General Michael Cox and Assistant Attorney General Jessica Weiler, and defendants Genesee County Friend of the Court (GCFOC) and GCFOC Executive Director Jennie Barkey, move separately for dismissal[1] of pro se plaintiff Robert Parker's claims of liability under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq., a RICO conspiracy, violations of

---

[1] Defendants GCFOC and Barkey move for dismissal on the pleadings under Federal Rules of Civil Procedure 12(b)(6) and 12(c), but mislabel their motion as a motion for summary judgment. See Federal Rule of Civil Procedure 56.

various constitutional rights pursuant to 42 U.S.C. §§ 1981 and 1983, tortious interference, malicious prosecution, defamation, and fraudulent abuse of process. Parker has not filed a response to either of the motions. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

## I. Background

Parker, an African-American, alleges in his March 9, 2007 complaint that he is an adherent to the religion of Islam. Parker alleges he was wrongfully prosecuted under Michigan's strict-liability non-support statute, M.C.L. § 750.165[2], as amended in 1999, considering the child he was ordered to support reached the age of majority in 1994. Parker alleges that the defendants continued to criminally prosecute him for non-payment of child-support after he repeatedly informed them that he was not subject to the 1999 amendment, and that the 6-year statute of limitations had expired. Parker alleges that he was initially prosecuted in 2000 while a candidate for the Democratic Party nomination as a State Representative, and that he vindicated himself at his preliminary examination and the charges were dismissed. Parker alleges criminal charges were again pursued by the defendants in 2005 when he was served in Florida with an arrest warrant. Parker alleges he was convicted by a jury on December 16, 2005, and remained incarcerated for 40 days until January 23, 2006 when he was placed on supervised probation. Parker allegedly filed an appeal on February 8, 2006. Consistent with an attachment to his complaint, his

---

[2] M.C.L. 750.165(1) currently provides: "If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both."

conviction was overturned by the Michigan Court of Appeals on November 15, 2006 following the prosecution's filing of a confession of error premised on a February 1, 2006 Michigan Supreme Court decision in People v. Monaco, 474 Mich. 48, 710 N.W.2d 46 (2006).

Parker generally alleges the defendants "engaged in the extortion of money" and acted under color of state law based on his "race, religion and political retaliation." In the ten count complaint, Parker alleges that the defendants are liable under RICO and as RICO co-conspirators based on alleged predicate criminal acts of mail fraud, wire fraud, financial institution fraud, obstruction of justice, retaliating against a witness, victim, or informant, and interference with interstate commerce and extortion. Parker alleges the defendants are liable under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Sixth, and Fourteenth Amendments rights arising from an illegal seizure, harassment, intimidation, denial of access to the courts, malicious prosecution, malicious abuse of process, prosecution in violation of ex post facto laws, and imposition into a debtor's prison. Parker alleges the defendants are liable under 42 U.S.C. § 1981 for denying him equal rights under the law. Parker alleges the defendants tortiously interfered with his right to receive a United States passport when they issued an arrest warrant in 2005 and submitted his name to federal authorities. Parker alleges malicious prosecution premised on allegations that his criminal trial judge was the wife of Genesee County Corporate Counsel, and that the defendants solicited testimony at trial that he owed child-support arrearage knowing that recovery was barred by the statute of limitations. Parker alleges defamation based on his wrongful conviction in light of Monaco, and his resulting erroneous status as a convicted felon. Parker alleges the defendants are liable for fraudulent abuse of process relative to his state

court criminal trial. Plaintiff seeks $65.0 million in compensatory damages, treble damages under RICO, punitive damages, a return of $15,000.00 taken from him in state court on January 23, 2006, costs, his removal from a list barring the issuance of his passport, and an order barring the State of Michigan from prosecuting similarly situated non-custodial parents.

## II. Motions to Dismiss

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. Defendants Cox and Weiler also move for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

To prevail on a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief may be granted, the defendants must demonstrate that, accepting plaintiff's well pleaded factual allegations as true, the plaintiff can prove no set of facts consistent with those allegations that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990). The court is not required to accept as true alleged legal conclusions or unwarranted factual inferences. Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Where federal subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists. Kinsey v. Kinsey, 98 F.Supp.2d 834, 835 (N.D. Ohio 2000) (quoting RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir.1996)). "The court has wide discretion to consider materials outside the complaint in assessing the validity of its jurisdiction." Ohio Nat'l Life Ins. Co. v. United States, 922

4

F.2d 320, 325 (6th Cir.1990).

### III. Analysis

Prior to the Michigan Supreme Court's 2006 decision in Monaco, application of the 1999 amendment to M.C.L. § 750.165 was governed by People v. Westman, 262 Mich. App. 184, 685 N.W.2d 423 (2004). As with Parker, the Westman defendant was charged with a continuing failure to pay child-support both before and after the 1999 amendment took effect[3], thus "straddling" the amendment. Id. at 186. The Westman court rejected an ex post facto challenge on ruling that the "defendant's offense was a continuing offense that began before and continued after the amendment's effective date." Id. at 186, 188 (quoting People v. Grant, 20 Cal.4th 150, 159, 83 Cal.Rptr.2d 295, 973 P.2d 72 (1999) for the legal proposition that: "Where an offense is of a continuing nature, and the conduct continues after the enactment of a statute, the statute may be applied without violating the ex post facto prohibition."). The Michigan Court of Appeals in People v. Monaco, 262 Mich. App. 596, 606-07, 686 N.W.2d 790 (2004), rev'd, 474 Mich. 48 (2006), relied upon Westman and the continuing violation principle in affirming the Monaco defendant's conviction and holding that the 6-year statute of limitations set forth at M.C.L. § 767.24(4) accrues for purposes of M.C.L. § 750.165 when the last act of non-payment occurs.

> . . . . The statutory period of limitations for a continuing offense begins to run when the last criminal act is committed. When there is an ongoing violation of 750.165, the last criminal act is committed at the last moment the defendant fails to pay the ordered support. In some cases, the last criminal act may occur long after the child reaches the age of eighteen. But as long as the defendant never pays, the statutory period of limitations never begins

---

[3] The Westman defendant was charged with failing to pay child-support from July 1993 to 2002. Here, Parker alleges he was charged in 2000 and 2005 with a continuous failure to pay child-support for a minor that reached the age of majority in 1994.

5

to run. . . . . Accordingly, the crime of felony nonsupport continues until the last date a defendant intentionally fails to pay child support that he is legally obligated to pay.

Monaco, 262 Mich. App. at 607. On February 1, 2006, a 5-2 majority of the Michigan Supreme Court overruled Westman and reversed the Monaco defendant's conviction after concluding that "the Legislature did not intend that a violation of MCL 750.165(1) continue until an individual's monetary support obligation is fully discharged." Monaco, 474 Mich. at 58. The Monaco Court found that the criminal non-support charge before it was barred by the 6-year statute of limitations of M.C.L. § 767.24(5)[4] because the offense accrued when the child that was the subject of the support order reached age 18, more than eight years before the charge was filed. Id. at 51, 55-56.

Parker's well-pleaded facts establish that he was charged, tried, convicted, sentenced, and incarcerated on criminal non-support charges under M.C.L. § 750.165 before the Michigan Supreme Court overruled Westman and reversed the Monaco defendant's conviction on February 1, 2006. Parker can prove no set of facts establishing that any of the defendants acted in bad faith, much less maliciously or fraudulently, by pursuing child-support payments and his criminal conviction under M.C.L. § 750.165 before the 2004 Westman decision was reversed by the Michigan Supreme Court in Monaco on February 1, 2006, and rehearing was denied on July 11, 2006. People v. Monaco, 475 Mich. 1222, 716 N.W.2d 587 (Mich. July 11, 2006). Indeed, Parker's trial court and the Michigan Court of Appeals in Monaco were required to apply the continuing

---

[4] The "catch-all" 6-year statute of limitations period of M.C.L. § 767.24(4) was amended in 2004 and redesignated to M.C.L. § 767.24(5). See Monaco, 474 Mich. at 50 n.1.

violation doctrine recognized in Westman by operation of the Michigan Court Rules.

**(C) Precedent of Opinions.**

\* \* \*

(2) A published opinion of the Court of Appeals has precedential effect under the rules of stare decisis. The filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals.

\* \* \*

**(J) Resolution of Conflicts in Court of Appeals Decisions.**

(1) *Precedential effect of Published Decisions.* A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on and after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.

M.C.R. 7.215(C)(2), (J)(1)[5].

From this legal context, Parker's conclusionary allegations of RICO violations predicated on mail fraud, wire fraud, financial institution fraud, obstruction of justice, retaliation against a witness, victim, or informant, and interference with interstate commerce and extortion, a RICO conspiracy, § 1981 and § 1983 claims premised on race, religion, and political retaliation, illegal seizure, harassment, denial of access to the courts, malicious prosecution, malicious and fraudulent abuse of process, prosecution in violation of ex post facto laws, denial of equal rights, and imposition into a debtor's prison all fail as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436; G.M. Eng'r, 922 F.2d at 330. The state of Michigan law prior to the Michigan Supreme

---

[5] The Westman defendant did not file an application for leave to appeal in the Michigan Supreme Court. See Monaco, 474 Mich. at 50 n.2.

Court's February 1, 2006 Monaco Opinion authorized the defendants to pursue child-support payments and criminally prosecute Parker. Parker's conviction was overturned after *the Michigan Attorney General's Office* confessed error upon exhausting all avenues of revisiting the Monaco decision. Defendants are entitled to the dismissal of Parker's federal claims for failure to state a claim on which relief may be granted. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436; G.M. Eng'r, 922 F.2d at 330.

The defendants are also entitled to dismissal of Parker's claims based on absolute immunity from suit. See Imbler v. Pachtman, 424 U.S. 409, (1976) (recognizing absolute immunity from 42 U.S.C. § 1983 civil rights suit for prosecuting attorneys acting within their scope of duties in initiating and pursuing criminal prosecutions and presenting the state's case); Cullinan v. Abramson, 128 F.3d 301, 308 (6th Cir. 1997) (citing Imbler and recognizing absolute immunity for RICO actions); Johnson v. Granholm, 662 F.2d 449, 450 (6th Cir. 1981) (citing Imbler and extending absolute immunity to Michigan friends of the court in performing their quasi-judicial duties); Trowbridge v. County of Eaton, No. 1:05-CV-770, 2006 WL 1997390 (W.D. Mich. July 14, 2006) (citing Johnson for the proposition that "the Sixth Circuit has determined that the acts of the Friend of the Court employees performed within the scope of their official quasi-judicial duties entitle them to immunity from damage actions brought pursuant to 42 U.S.C. § 1983, because they are functionally equivalent to probation officers."). Defendants Cox and Weiler are entitled to dismissal of Parker's claims pursuant to Imbler and Cullinan, while defendants GCFOC and Barkey are entitled to dismissal pursuant to Cullinan, Johnson, and Trowbridge. Absolute immunity prevents Parker from prevailing against the defendants as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436; G.M. Eng'r, 922 F.2d at

330.

Still further, the individual defendants acting in their official capacities, and defendant GCFOC, are entitled to dismissal of Parker's federal damage claims based on Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state by a citizen of that state unless the state waives immunity or Congress expressly overrides that immunity pursuant to § 5 of the 14th Amendment. Wolfel v. Morris, 972 F.2d 712, 718 (6th Cir. 1992). 42 U.S.C. § 1983 claims against a state agency and state officials acting in their official capacities are barred by the Eleventh Amendment. Id. at 718-19 (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)). Eleventh Amendment immunity is a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides this immunity. Edwards v. Commonwealth of Kentucky, 22 Fed. Appx. 392, 393 (6th Cir. Aug. 10, 2001). Defendant GCFOC, and defendants Cox, Weiler, and Barkey in their official capacities, are entitled to dismissal of Parker's damage claims pursuant to Eleventh Amendment immunity and a resulting lack of jurisdiction. Kinsey, 98 F.Supp.2d at 835; Ohio Nat'l Life Ins., 922 F.2d at 325.

Finally, consistent with this court's analysis finding no possible constitutional violation consistent with the facts as alleged, defendants Cox, Weiler, and Barkey, in their individual capacities, are entitled to qualified immunity from the federal claims. See Perez v. Oakland County, 466 F.3d 416, 427 (6th Cir. 2006) (recognizing that a defendant is entitled to qualified immunity if there is no constitutional violation on the facts). In their individual capacities, defendants Cox, Weiler, and Barkey are entitled to dismissal on qualified immunity as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436; G.M. Eng'r, 922 F.2d at 330.

## IV. Summary

Defendants are entitled to the dismissal of Parker's federal claims because: (1) the claims fail to state a claim on which relief may be granted; (2) the defendants are entitled to absolute immunity; (3) GCFOC and Cox, Weiler, and Barkey are entitled to Eleventh Amendment immunity in their official capacities, and; (4) Cox, Weiler, and Barkey are entitled to qualified immunity in their individual capacities. With the dismissal of all federal claims, the court declines to exercise supplemental jurisdiction over Parker's remaining state law claims. See 28 U.S.C. § 1367(c). Accordingly,

Defendants Michigan Attorney General Cox's and Assistant Attorney General Weiler's motion to dismiss is hereby GRANTED as to all of Parker's federal claims. Defendants GCFOC's and GCFOC Executive Director Barkey's motion to dismiss is also hereby GRANTED as to all of Parker's federal claims. Parker's state claims are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c). Defendants' requests for an award of costs and attorney fees are hereby DENIED.

SO ORDERED.

Dated: July 18, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 18, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---