UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT R. PARKER, JR.,

      Plaintiff,

vs.

Case No. 07-CV-11036
HON. GEORGE CARAM STEEH

MICHAEL COX, in his individual and
representative capacity as ATTORNEY
GENERAL for the STATE OF MICHIGAN,
JESSICA WEILER, in her individual and
representative capacity, GENESEE COUNTY
FRIEND OF THE COURT, JENNIE BARKEY,
in her individual and representative capacity,

      Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#33)
OF THE COURT'S JULY 18, 2007 ORDER DISMISSING PLAINTIFF'S FEDERAL
CLAIMS, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#31)
OF A MAY 25, 2007 PROTECTIVE ORDER AS MOOT

      Plaintiff Robert Parker moves for reconsideration of this court's July 18, 2007 Order granting the defendants' motion to dismiss Parker's federal claims, and dismissing Parker's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Parker also moves for reconsideration of entry of a May 25, 2007 Protective Order. Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Parker's motion for reconsideration of the July 18, 2007 Order fails to demonstrate a palpable error, or an error, that if corrected, would entitle Parker to the denial of the defendants' motions to dismiss. Parker's argument that the court "seems to penalize" him for seeking "limited discovery" under the May 25, 2007 Protective Order is belied by the analysis set forth in the Order. Parker fails to explain how the entry of the May 25, 2007 Protective Order prevented him from filing a timely response to the defendants' motions for dismissal. Parker's motion for reconsideration challenging the May 25, 2007 Protective Order, filed on July 23, 2007, is untimely. See E.D. Mich. LR 7.1(g)(1) (requiring that a motion for reconsideration be filed within 10 days after entry of the challenged judgment or order). Parker's federal claims were dismissed *on the pleadings* under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief may be granted, prosecutorial immunity, and qualified immunity.

Parker's assertion of impermissible "fact-finding" is simply without merit. Parker's assertion that "the attorney for the FOC admitted in open court that there was an issue with the 'statute of limitations'" does not support reinstatement of any of Parker's claims under the reasoning of the July 18, 2007 Order; clearly the statute of limitations was an issue in Parker's underlying criminal case. The court did not misconstrue Michigan law. Accordingly,

Parker's motion for reconsideration of this court's July 18, 2007 Order is hereby DENIED. Parker's motion for reconsideration of the May 25, 2007 Protective Order is hereby DENIED as MOOT.

SO ORDERED.

Dated: July 26, 2007

                                             s/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 26, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk